**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

| | | |
|---|---|---|
| RITA GRENIER and EDWIN GRENIER, Individually and on behalf Of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>GRANITE STATE CREDIT UNION, DOES 1 THROUGH 5,<br><br>Defendants. | ) | Civil Action No: 1:21-cv-00534-LM |

**<u>PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF UNOPPOSED MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS</u>**

**TABLE OF CONTENTS**

I. INTRODUCTION AND BACKGROUND ....................................................... 1

II. PLAINTIFFS' APPLICATION FOR FEES, COSTS AND EXPENSES………… 1

III. CLASS COUNSEL ARE ENTITLED TO AN AWARD OF ATTORNEYS' FEES FROM THE COMMON FUND ....................................................... 2

IV. PLAINTIFFS' COUNSEL ARE ENTITLED TO A REIMBURSEMENT OF EXPENSES FROM THE COMMON FUND.................…………………………...5

V. CLASS REPRESENTATIVES ARE ENTITLED TO SERVICE AWARDS FROM THE COMMON FUND…………………………………………………...6

VI. CONCLUSION ....................................................................................... 6

**TABLE OF AUTHORITIES**

*Conant v. FMC Corp.,* No. 2:19-CV-00296-JDL (D. Me. Sept. 1, 2020) .................................... 4

*Cornwell v. Credit Suisse Grp.*, No. 08-cv-03758 (VM), 2011 WL
13263367, at *2 (S.D.N.Y. July 20, 2011)......................................................................... 6

*Couture v. Mammoth Groceries, Inc.,* 117 N.H. 294, 296 (1977) ................................................ 4

*Curtis v. Scholarship Storage* Inc., No. 2:14-cv 303-NT, 2016
WL 3072247, at *3-4 (D. Me. May 31, 2016).................................................................... 4

*Davis v. J.P. Morgan Chase & Co.*, 827 F. Supp. 2d 172,
185 (W.D.N.Y. 2011) ........................................................................................................ 6

*In re AMICAS, Inc. S'holder Litig.*, 27 Mass.L.Rptr. 568,
2010 WL 5557444 (Mass. Super. Ct. Dec. 6, 2010) .......................................................... 5

*In re Fid./Micron Sec. Litig.,* 167 F.3d 735, 737 (1st Cir. 1999)...................................................... 3

*In re Relafen Antitrust Litig.*, 231 F.R.D. at 82 ........................................................................... 5

*In re Rite Aid Corp. Sec. Litig.,* 362 F. Supp. 2d 587, 589 (E.D. Pa. 2005) .................................... 6

*In re Telik, Inc. Sec. Litig.*, 576 F. Supp. 2d 570, 590 (S.D.N.Y. 2008) ...................................... 6

In re Thirteen Appeals Arising Out of San Juan Dupont Plaza Hotel Litig.,
56 F.3d 295, 307 (1st Cir. 1995) ........................................................................... 3, 4, 5

*In re TJX Companies Retail Sec. Breach Litig.*, 584 F. Supp. 2d 395,
408 (D. Mass. 2008)........................................................................................................... 5

*In re Volkswagen & Audi Warranty Extension Litig*., 89 F. Supp. 3d 155, 171 (D. Mass. 2015) ..... 5

*NECA-IBEW Health & Welfare Fund v. Goldman, Sachs & Co.*, No. 1:08- cv 10783-LAP, 2016 WL 3369534, at *1 (S.D.N.Y. May 2, 2016) ..... 6

*New England Carpenters Health Benefits Fund v. First Databank, Inc.*, No. CIV.A. 05-11148PBS, 2009 WL 2408560, at *2 (D. Mass. Aug. 3, 2009) ..... 6

*O'Connor v. Oakhurst*, 2:14 00192-NT, 2018 WL 3041388 (D. Me. June 19, 2018) ..... 4

*Purinton v. Moody's Co-Worker Owned, Inc.,* No. 2:20-CV-00296-JAW, 2023 WL 167560, at *5 (D. Me. Jan. 12, 2023) ..... 4

*Roberts v. TJX Companies, Inc.,* 2016 WL 8677312 (D. Mass. Sept. 30, 2016) ..... 5

*Scovil v. FedEx Ground Package Sys., Inc.,* 2014 WL 1057079, at *1 (D. Me. Mar. 14, 2014) ..... 5

*Sylvester v. Cigna Corp.,* 401 F. Supp. 2d 147 (D. Me. 2005) ..... 5

*Wal-Mart Stores, Inc. v. Visa U.S.A., Inc*., 396 F.3d 96, 123 (2d Cir. 2005) ..... 6

*Wright v. S. New Hampshire Univ.,* 561 F. Supp. 3d 211, 214 (D.N.H. 2021) ..... 3

## I. INTRODUCTION AND BACKGROUND

On June 21, 2021, Rita and Edwin Grenier (collectively "Plaintiffs") initiated a class action lawsuit alleging that Defendant Granite State Credit Union ("GSCU" or Defendant") charged overdraft fees and non-sufficient fund fees which Regulation E did not allow it to charge them. After more than two years of litigation including law and motion practice and significant formal discovery including the depositions of the Plaintiffs, the parties reached a settlement agreement that requires GSCU to establish a $635,000 non-reversionary common fund for the benefit of the Settlement Class. The Settlement agreement provided that Class Counsel could seek fees up to one-third of the settlement fund, costs, and expenses, and $5000.00 in incentive awards to each of the Plaintiffs.

This court preliminarily approved the Settlement on August 2, 2023, and on August 10, 2023, the Court approved a Notice of Settlement of Class Action that outlined the Settlement terms, including Class Counsel's proposed requests for attorneys' fees, costs, expenses, and incentive awards. (ECF No. 41, 42.) The reaction of the Class has been overwhelmingly positive, and no class member objected to the Settlement before the deadline to do so.

Accordingly, Class Counsel seek (1) reasonable attorneys' fees in the amount of $200,168.00, (2) costs of $75,000.00, and (3) an incentive service award of $5000.00 each for both Rita and Edwin Grenier in recognition of their contributions to the case and their services to the class members.

## II. PLAINTIFFS' APPLICATION FOR FEES, COSTS, AND EXPENSES

Under the terms of the Settlement Agreement, Class Counsel may apply for attorneys' fees of up to 33.33% of the Settlement Fund. . (*See* Settlement Agreement ("SA") ¶ 65(a) attached as Exhibit 1 to the Declaration of Elaine S. Kusel ("Kusel Decl.") ECF. No. 40, Exhibit 3. The Settlement Fund as defined in the Settlement Agreement equals $635,000.00. (SA ¶48.) This means that per the

Settlement Agreement, Class Counsel could apply for as much as $211,645.50 in fees without objection by Defendant. (SA ¶ 65(a).) Nonetheless, Class Counsel is applying for $200,168.00 which is approximately 31.5% of the $635,000.00 Settlement Fund. This amount is equivalent to Plaintiffs' counsel's combined lodestar at the time the motion for Preliminary Approval was made. (Kusel Decl. at ¶15) At present, Plaintiffs' counsel's combined lodestar is $227,893.00. (Kusel Declaration in Support of Motion for Fees and Expenses ("Kusel Fee Declaration") at ¶¶10, 24), and Declaration of Christine Craig in Support of Motion for Fees and Expenses at ¶4. This fee is reasonable in light of the complexity of the litigation, the degree of risk assumed by counsel, the amount of time and resources expended on the case, and the excellent result achieved for the class. A more detailed review of the work performed by Class Counsel is set forth in the Declaration of Elaine Kusel in Support of Motion for Fees and Expenses submitted herewith. For the reasons set forth therein and herein, the Court should grant Class Counsel's application for attorneys' fees, costs, and expenses.

## III. CLASS COUNSEL ARE ENTITLED TO AN AWARD OF ATTORNEYS' FEES FROM THE COMMON FUND

Federal courts recognize that "lawyers whose efforts succeed in creating a common fund for the benefit of a class are entitled not only to reasonable fees, but also to recover from the fund, as a general matter, expenses, reasonable in amount, that were necessary to bring the action to a climax." *In re Fid./Micron Sec. Litig.,* 167 F.3d 735, 737 (1st Cir. 1999). The First Circuit gives district courts discretion to "calculate counsel fees either on a percentage of the fund ["POF"] basis or by fashioning a lodestar." *In re Thirteen Appeals Arising Out of San Juan Dupont Plaza Hotel Litig.,* 56 F.3d 295, 307 (1st Cir. 1995). But, the First Circuit recognizes that "use of the POF method in common fund cases is the prevailing praxis due to its relative efficiency and

has "distinct advantages." (*Id)*, *Wright v. S. New Hampshire Univ.,* 561 F. Supp. 3d 211, 214 (D.N.H. 2021).

Specifically, the First Circuit has noted that:

> [U]sing the POF method in a common fund case enhances efficiency, or, put in the reverse, using the lodestar method in such a case encourages inefficiency. Under the latter approach, attorneys not only have a monetary incentive to spend as many hours as possible (and bill for them) but also face a strong disincentive to early settlement ................. If the POF method is utilized, a lawyer is still free to be inefficient or to drag her feet in pursuing settlement options -but, rather than being rewarded for this unproductive behavior, she will likely reduce her own return on hours expended.

*In re Thirteen Appeals Arising Out of San Juan Dupont Plaza Hotel Litig.,* 56 F.3d 295, 307 (1st Cir. 1995) (citations omitted).

A one-third percentage fee award is common in the First Circuit and in this district. *See, e.g., Couture v. Mammoth Groceries, Inc.,* 117 N.H. 294, 296 (1977) ("The court takes judicial notice that the plaintiff's counsel is able and experienced and that a one-third fee is not unusual in civil actions of this nature."); *Wright v. S. New Hampshire Univ.*, 561 F. Supp. 3d 211, 214 (D.N.H. 2021) (approving as reasonable an attorney's fees award of one-third of the common settlement fund); *Conant v. FMC Corp.,* No. 2:19-CV-00296-JDL (D. Me. Sept. 1, 2020) (approving as reasonable an award of attorney's fees of one-third of common settlement fund, which was $695,000, plus $20,649.30 in expenses, in class action); *Purinton v. Moody's Co-Worker Owned, Inc.,* No. 2:20-CV-00296-JAW, 2023 WL 167560, at *5 (D. Me. Jan. 12, 2023) ("a one-third contingent fee is common"), *Scamman v. Shaw's Supermarkets, Inc*., No. BCD- CV-2018-09 (Super. Ct. Apr. 26, 2019) (approving as reasonable attorney's fee award of one- third of common fund); *O'Connor v. Oakhurst*, 2:14-00192-NT, 2018 WL 3041388 (D. Me. June

19, 2018) (approving as reasonable an award of attorney's fees of one-third of common fund, or $1.67 million in fees, plus $50,000 in expenses, in class action); *Curtis v. Scholarship Storage* Inc., No. 2:14-cv-303-NT, 2016 WL 3072247, at *3-4 (D. Me. May 31, 2016) (awarding one-third fee class action); *Scovil v. FedEx Ground Package Sys., Inc.,* 2014 WL 1057079, at *1 (D. Me. Mar. 14, 2014) (awarding one-third of common fund class action and citing multiple settlements in accord).

The one-third award is also common in the First Circuit in much larger cases as well. *See e.g., Roberts v. TJX Companies, Inc.,* 2016 WL 8677312 (D. Mass. Sept. 30, 2016) (awarding 33% of $4.75 million settlement); *Sylvester v. Cigna Corp.,* 401 F. Supp. 2d 147 (D. Me. 2005) (awarding 33% of $2.3 million recovery). Here, Class Counsels' request of 31.5% of the Settlement Fund falls within the range of reasonableness recognized by courts in this Circuit.

Although the First Circuit prefers the percentage-of-the-fund approach, a lodestar analysis may be performed as a check to ensure that the percentage award is fair and reasonable. *In re Thirteen Appeals,* 56 F.3d at 307. Multipliers of between 1 and 2 are common in the First Circuit. *See In re Relafen Antitrust Litig*., 231 F.R.D. at 82 (approving a multiplier of 2.2 citing multipliers between 1-3 as common); *In re TJX Companies Retail Sec. Breach Litig*., 584 F. Supp. 2d 395, 408 (D. Mass. 2008) ("the suggested multiplier of 1.97 is within the range that has been recognized as reasonable"); *In re Volkswagen & Audi Warranty Extension Litig*., 89 F. Supp. 3d 155, 171 (D. Mass. 2015) (finding a multiplier of 2 appropriate). Indeed, courts even approve multipliers significantly higher, establishing the reasonableness of Plaintiffs' request. *See In re AMICAS, Inc. S'holder Litig.*, 27 Mass.L.Rptr. 568, 2010 WL 5557444 (Mass. Super. Ct. Dec. 6, 2010) (Neel, J.) (applying a multiplier of five to fees incurred in a shareholder litigation); *In re Rite Aid Corp. Sec. Litig.,* 362 F. Supp. 2d 587, 589 (E.D. Pa. 2005) (finding a multiplier of 6.96 reasonable under the

circumstances). *See Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 123 (2d Cir. 2005) (upholding multiplier of 3.5); *NECA-IBEW Health & Welfare Fund v. Goldman, Sachs & Co.*, No. 1:08- cv-10783-LAP, 2016 WL 3369534, at *1 (S.D.N.Y. May 2, 2016) (3.9 multiplier on $272 million settlement); *Davis v. J.P. Morgan Chase & Co.*, 827 F. Supp. 2d 172, 185 (W.D.N.Y. 2011) (multiplier of 5.3 was "not atypical" in similar cases); *Cornwell v. Credit Suisse Grp.*, No. 08-cv-03758 (VM), 2011 WL 13263367, at *2 (S.D.N.Y. July 20, 2011) (4.7 multiplier); *In re Telik, Inc. Sec. Litig.*, 576 F. Supp. 2d 570, 590 (S.D.N.Y. 2008) ("In contingent litigation, lodestar multiples of over 4 are routinely awarded by courts, including this Court.", *New England Carpenters Health Benefits Fund v. First Databank, Inc.,* No. CIV.A. 05-11148PBS, 2009 WL 2408560, at *2 (D. Mass. Aug. 3, 2009) (granting a multiplier of about 8.3 times lodestar).

The fact that Class Counsel's request represents 92% of their combined lodestar, further supports the reasonableness of the fee request.

## IV. PLAINTIFFS' COUNSEL ARE ENTITLED TO A REIMBURSEMENT OF EXPENSES FROM THE COMMON FUND

Regarding costs, Class Counsel have incurred a combined $54,428.78 in costs to date and estimate they will incur some additional costs related to the settlement process. (Kusel Fee Decl. at 8, Craig Decl. at 9.) In the motion for Preliminary Approval, Class Counsel stated they expected to incur expenses totaling $105,000.00. However, at this point, Class Counsel have incurred fewer costs, including administration costs than originally expected and therefore seek $75,000.00 in expenses, which would cover costs to date and provide some additional funds for any further costs incurred as part of the settlement process. A detailed account of the costs incurred to date is annexed to the Kusel Declaration. Should the total expenses total less than

$75,000, under the terms of Settlement agreement, the difference will be added to the Net Settlement Fund.

## V. CLASS REPRESENTATIVES ARE ENTITLED TO SERVICE AWARDS FROM THE COMMON FUND

Plaintiffs are also moving for the Court to approve a service award to two proposed class representatives, Rita Grenier and Edwin Grenier, of up to $5,000.00 each. Their efforts on behalf of the class are detailed in their concurrently filed Declarations in Support of Final Approval, but in short, both of the plaintiffs communicated with Class Counsel extensively throughout the case; reviewed and gathered documents for Class Counsel; responded to formal written discovery; sat for deposition; and, reviewed and approved of the proposed settlement in this matter.

## VI. CONCLUSION

For the foregoing reasons, Class Counsel respectfully requests that the Court (i) award attorneys' fees in the amount of 31.5% of the Settlement Fund, or $200,168 plus interest accrued at the same rate as earned by the fund; (ii) award $ 75,000.00, in reimbursement of expenses incurred by Plaintiffs' Counsel; and (iii) and award a combined $10,000 for the Class Representatives' costs and expenses related to their representation of the Class.

Dated: October 20, 2023

Respectfully Submitted,

By: */s/ Christine M. Craig*

Christine M. Craig, Esq., NH Bar No. 12842
CCraig@ShaheenGordon.com
**Shaheen & Gordon PA**
353 Central Ave, Ste 200
Dover, NH 03821

Elaine S. Kusel, NJ Bar No. 319302020
(*pro hac vice*)
esk@mccunewright.com
Sherief Morsy, NJ Bar No. 125042015
(*pro hac vice*)
sm@mccunewright.com
**McCune Law Group, McCune Wright Arevalo Vercoski Kusel Weck Brandt, APC**
One Gateway Center, Suite 1500
Newark, NJ 07102
Telephone: (973) 888-1203
Facsimile: (909) 557-1275

Richard D. McCune, CA Bar No. 132124*
rdm@mccunewright.com
**McCune Law Group, McCune Wright Arevalo Vercoski Kusel Weck Brandt, APC**
3281 East Guasti Road, Suite 100
Ontario, CA 91761
Telephone: (909) 557-1275
Facsimile: (909) 557-1275

*Attorneys for Plaintiffs Rita and Edwin Grenier, and the Putative Class*

## CERTIFICATE OF SERVICE

I certify that the foregoing Memorandum has been served upon all counsel of record via filing through Court ECF system.

*<u>/s/ Christine M. Craig</u>*
Christine M. Craig