UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>Rita Grenier and Edwin Grenier, Individually
and on Behalf of All Others Similarly Situated</u>

    v.                                                     Civil No. 21-cv-534-LM
                                                                      Opinion No. 2023 DNH 145 P

<u>Granite State Credit Union,
Does 1 through 5</u>

**FINAL ORDER APPROVING CLASS ACTION SETTLEMENT AND
MOTION FOR ATTORNEY FEES, COSTS, AND INCENTIVE AWARD**

      Plaintiffs Edwin and Rita Grenier brought this class action on their own behalf and on behalf of a proposed class of current and former account holders with Granite State Credit Union ("Granite") alleging that Granite's overdraft policies violate the Electronic Funds Transfer Act's implementing regulations. After engaging in motions practice and substantial discovery, the parties informed the court on January 9, 2023, that they had reached agreement on a settlement in principle, subject to the court's approval. On May 8, 2023, the plaintiffs filed an assented-to motion for preliminary approval of the proposed settlement agreement and preliminary certification of the class for purposes of settlement. Doc. no. 40.

      On August 2, 2023, the court issued a written order granting preliminary approval of the proposed settlement and preliminary certification of the proposed class. Doc. no. 41. In that order, the court conducted a rigorous and searching analysis of whether it would likely be able to certify the class for purposes of settlement and find that the proposed settlement is fair, reasonable, and adequate. The court preliminarily approved the settlement agreement, preliminarily certified

the proposed class for settlement purposes, provisionally appointed Edwin and Rita Grenier as the class representatives, and appointed the Grenier's chosen counsel, McCune and Shaheen & Gordon, P.A., as settlement class counsel.

On August 18, 2023, the Settlement Administrator served the Class Action Fairness Act ("CAFA") notice required by 28 U.S.C. § 1715. On September 11, 2023, the Settlement Administrator sent court-approved notices of the proposed settlement to the settlement class members as ordered.

On November 28, 2023, the court held a fairness hearing regarding the parties' proposed class action settlement. The parties confirmed at the hearing that, to date, no class members have objected to the proposed settlement or opted out of the settlement class.

The court now finds and rules as follows:

1.     Having considered the joint motion for final approval of the proposed settlement (doc. no. 47) and the statements made at the fairness hearing, the court now grants final approval of the parties' proposed settlement. The court has not reviewed or heard any information that would change the court's view expressed in its order granting preliminary approval of the settlement that the class can be certified for settlement purposes and that the proposed settlement is fair, reasonable, and adequate. The court approves the parties' settlement agreement for the reasons stated in its order granting preliminary approval (doc.no. 41) and the reasons outlined by the parties in the joint motion for final approval (doc. no. 47).

2.     To the extent this order employs any term with initial capitalization that is expressly defined in the parties' settlement agreement but not expressly defined in this order, the definition provided in the parties' settlement agreement is incorporated by reference into this order.

3.     The court confirms it has jurisdiction over this matter and the parties to it.

4.     The court affirms the findings made in its preliminary approval order. Specifically, the court finds that, for purposes of settlement, the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied, in that: (a) the number of settlement class members is so numerous that joinder thereof is impracticable; (b) there are questions of law and fact common to the settlement class; (c) the claims of the class representatives are typical of the claims of the settlement class members; (d) the class representatives and class counsel have and will continue to fairly and adequately represent the interest of the settlement class members; (e) the questions of law and fact common to the settlement class members predominate over any questions affecting only individual settlement class members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the parties' dispute.

5.     The court grants plaintiffs' motion for award of attorneys' fees and costs (doc. no. 48) for the reasons stated in the motion as follows:

6. Attorney fees are awarded in the amount of $200,168 plus interest accrued at the same rate as earned by the Settlement Fund;

7. Costs are awarded in the amount of $75,000;

8. An incentive award is awarded to representative plaintiff Rita Grenier in the amount of $5,000; and

9. An incentive award is awarded to representative plaintiff Edwin Grenier in the amount of $5,000.

10. For purposes of settlement only, pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure the court further certifies this action as a class action, composed of all current and former members of Defendant with consumer accounts who were charged a Reg E Fee during the Class Period. See doc. no. 40-3 ¶ 42 (Settlement Agreement). Excluded from the class is Granite State Credit Union, its parents, subsidiaries, affiliates, officers, and directors; DOES 1 through 5; all Settlement Class members who make a timely election to be excluded; and all judges assigned to this litigation and their immediate family members. See id.

11. The court approves the terms of the parties' settlement agreement and the plan of allocation for the Settlement Fund. See doc. no. 40-3. The court finds that the parties' settlement, on the terms and conditions set forth in their agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interests of the settlement class members.

12. The court finds that the manner and means of providing notice to class members of the proposed settlement constituted a reasonable manner of providing notice to parties who would be bound by the terms of the proposed settlement agreement, and thus satisfied the requirements of due process and Federal Rule of Civil Procedure 23(e).

13. The court finds that the settlement class members were given a fair and reasonable opportunity to object to the settlement. No class members objected to the settlement or requested exclusion from the settlement.

14. This order is binding on all settlement class members other than those, if any, who either validly and timely excluded themselves from the settlement class and the settlement agreement, or whose late exclusion was or will be agreed to by the parties.

15. This action is dismissed with prejudice as to all other issues and as to all parties and claims.

16. As of the Effective Date specified in the settlement agreement, the Releasing Parties shall automatically be deemed to have fully and irrevocably released and forever discharged the Released Parties of and from any and all liabilities, rights, claims, actions, causes of action, demands, damages, costs, attorney fees, losses and remedies, whether known or unknown, existing or potential, suspected or unsuspected, liquidated or unliquidated, legal, statutory, or equitable, based on contract, tort, or any other theory, that result from, arise out of, are based upon, or relate to the

conduct, omissions, duties, or matters during the Class Period that were or could have been alleged in the Action, relating to the assessment of Reg. E Fees, and plaintiffs Edwin and Rita Grenier further and additionally release the Released Claims against Granite.

17. Each settlement class member is barred and permanently enjoined from bringing on behalf of themselves, or through any person purporting to act on their behalf or purporting to assert a claim under or through them, any of the Released Claims against Granite in any forum, action, or proceeding of any kind.

18. This order does not and is not intended to constitute a finding or expression of opinion concerning the merits, validity, or accuracy of any of the allegations, claims, or defenses in this case.

19. The court retains continuing and exclusive jurisdiction over the parties and the administration of the settlement agreement with respect to the distribution of the Settlement Fund.

## CONCLUSION

Doc. nos. 47 and 48 are granted. The clerk's office is directed to enter judgment and close the case.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

December 4, 2023
cc:    Counsel of Record